### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES E. FREY,** | : | |
| | : | |
| **Petitioner,** | : | **Civil Action No. 1:07-CV-00260** |
| | : | |
| **v.** | : | |
| | : | **(Judge Conner)** |
| **JEFFREY BEARD, Commissioner,** | : | |
| **Pennsylvania Department of Corrections;** | : | |
| **LOUIS S. FOLINO, Superintendent of the** | : | |
| **State Correctional Institution at Greene;** | : | **THIS IS A CAPITAL CASE** |
| **and FRANKLIN J. TENNIS,** | : | |
| **Superintendent of the State** | : | |
| **Correctional Institution at Rockview,** | : | |
| | : | |
| **Respondents.** | : | |

### ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner, James E. Frey, a state prisoner sentenced to death following his
conviction for first-degree murder and related charges, filed a motion for leave to
proceed *in forma pauperis* and for appointment of federal habeas corpus counsel on
February 9, 2007.  (Doc. 1.)  The court granted the motion on February 12, 2007,[1]

---

[1] The motion was granted pursuant to 18 U.S.C. § 3599(a)(2), formerly at 21
U.S.C. § 848(q)(4)(B), which states,

(2) In any post conviction proceeding under section 2254 or 2255 of title
28, United States Code, seeking to vacate or set aside a death sentence,
any defendant who is or becomes financially unable to obtain adequate
representation or investigative, expert, or other reasonably necessary
services shall be entitled to the appointment of one or more attorneys
and the furnishing of such other services in accordance with
subsections (b) through (f) [(relating to conditions of appointment)].

and petitioner was directed to file a petition for writ of habeas corpus on or before

August 13, 2007.  (See Doc. 2.)

On April 25, 2007, the Governor of Pennsylvania signed a warrant scheduling

petitioner's execution for June 21, 2007.  (See Doc. 4.)  Consequently, petitioner

presently seeks a stay of execution pursuant to McFarland v. Scott, 512 U.S. 849

(1994), and 28 U.S.C. § 2251.[2]

In McFarland, the United States Supreme Court held that "a 'post conviction

proceeding' within the meaning of [§ 3599(a)(2)] is commenced by the filing of a

capital defendant's motion requesting the appointment of counsel for his federal

habeas corpus proceeding."  Id. at 856-57.  Accordingly, once a capital defendant

files a motion requesting appointment of counsel, as petitioner has done in this

case, he is granted "a mandatory right to qualified legal counsel."  Id. at 854.  This

right to counsel "necessarily includes a right for that counsel meaningfully to

research and present a defendant's habeas claims."  Id. at 858.  The Supreme Court

cautioned that "[w]here this opportunity is not afforded, '[a]pproving the execution

of a defendant before his [petition] is decided on the merits would clearly be

improper.'"  Id.  (quoting Barefoot v. Estelle, 463 U.S. 880, 889 (1983)).

---

[2] 28 U.S.C. § 2251 provides, in pertinent part,

A . . . judge of the United States before whom a habeas corpus
proceeding is pending, may, before final judgment or after final
judgment of discharge, or pending appeal, stay any proceeding against
the person detained in any State court or by or under the authority of
any State for any matter involved in the habeas corpus proceeding.

Consequently, the Supreme Court further held that § 3599(a)(2) and § 2251 "must be read in pari materia to provide that once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction under § 2251 to enter a stay of execution." McFarland, 512 U.S. at 858.  This conclusion, however, "by no means grants capital defendants a right to an automatic stay of execution." Id.  Rather, the Supreme Court interpreted § 2251 as granting "the exercise of stay jurisdiction to the sound discretion of a federal court." Id.  Circumstances warranting such a stay include a situation where a capital defendant's counsel would not have time to meaningfully research and prepare a defendant's habeas claims before a warrant of execution is carried out by the state. See id.

In the present case, petitioner is scheduled to be executed approximately two months before his petition for writ of habeas corpus is due to this court.  In order to afford not only petitioner an opportunity to litigate a meaningfully counseled habeas corpus petition, but also this court an opportunity to address that petition on the merits, it is evident that petitioner's motion for a stay of execution must be granted.  In doing so, the court is following, as it must, the clear precedents established by the United States Supreme Court and the United States Court of Appeals for the Third Circuit governing actions of this type.

ACCORDINGLY, upon consideration of petitioner James E. Frey's motion

for a stay of execution (Doc. 3), it is hereby ORDERED that the motion (Doc. 3) is

GRANTED.  Any state proceedings for the execution of petitioner are STAYED

pending disposition of the anticipated petition for writ of habeas corpus, or until

further order of this court.  <u>See</u> 28 U.S.C. § 2251.


       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:      May 4, 2007