# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES E. FREY,** | : | |
| | : | |
| Petitioner | : | No. 1:07-CV-00260 |
| | : | |
| v. | : | |
| | : | (Judge Conner) |
| **JEFFREY BEARD,** Commissioner, | : | |
| Pennsylvania Department of Corrections; | : | |
| **LOUIS S. FOLINO,** Superintendent of the | : | |
| State Correctional Institution at Greene; | : | **THIS IS A CAPITAL CASE** |
| and **FRANKLIN J. TENNIS,** | : | |
| Superintendent of the State | : | |
| Correctional Institution at Rockview, | : | |
| | : | |
| Respondents | : | |

## **MEMORANDUM**

Petitioner, James E. Frey, a state prisoner sentenced to death following his convictions for first-degree murder and related charges, filed a motion for leave to proceed in forma pauperis and appointment of federal habeas corpus counsel on February 9, 2007. (Doc. 1). The court granted the motion on February 12, 2007, and petitioner was directed fo file a petition for writ of habeas corpus on or before August 13, 2007. (Doc. 2). Before his habeas petition was due to the court, petitioner requested three extensions of time in which to file the petition, (Docs. 8, 13, 15), which the court granted (Docs. 10, 14, 16). Pending before the court is petitioner's motion to stay the federal proceedings or, in the alternative, dismiss the petition without prejudice to permit petitioner to exhaust claims in state court. (Doc. 17). In his motion, petitioner contends that he has not exhausted state remedies for some of the claims to be raised in the habeas petition before this court.

The Third Circuit Court of Appeals has held that "district courts have the discretion to stay mixed habeas corpus petitions but that . . . when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004).  The Court added that in such cases, "all of the petitioner's claims should be stayed, and any claims that remain unexhausted after the petitioner returns to federal court should be dismissed at that juncture."  Id. At 154 n.5.  When a petition for writ of habeas corpus is stayed, the court must give petitioner a reasonable interval, usually thirty (30) days, to file his application for state post-conviction relief and another reasonable interval after the denial of that relief to return to federal court.  Id. at 154.  The court will enter a stay in the case *sub judice* in accordance with Third Circuit directives.

An appropriate order follows.

           S/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge

Dated:      February 27, 2008

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES E. FREY,** | : | |
| | : | |
| Petitioner | : | No. 1:07-CV-00260 |
| | : | |
| v. | : | |
| | : | (Judge Conner) |
| **JEFFREY BEARD, Commissioner,** | : | |
| **Pennsylvania Department of Corrections;** | : | |
| **LOUIS S. FOLINO, Superintendent of the** | : | |
| **State Correctional Institution at Greene;** | : | **THIS IS A CAPITAL CASE** |
| **and FRANKLIN J. TENNIS,** | : | |
| **Superintendent of the State** | : | |
| **Correctional Institution at Rockview,** | : | |
| | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 27th day of February, 2008, it is hereby ORDERED that:

1. Petitioner's motion to stay the federal proceedings (Doc. 17) is GRANTED. Litigation in this habeas corpus proceeding is STAYED pending exhaustion of state court remedies of any unexhausted claims.

2. The stay of execution issued by the court in the order of May 4, 2007 (Doc.7) shall REMAIN IN EFFECT.

3. Petitioner shall have thirty (30) days to file his application for state post-conviction relief, if he has not already done so.

4. On July 1, 2008, and on the first business day of every quarter thereafter, petitioner shall report to this court the status of the state court proceedings.

5. If petitioner is denied state post-conviction relief, he will have thirty (30) days from the time of denial to resume his habeas corpus proceeding.

6. The Clerk of Court is directed to mark this matter CLOSED for statistical purposes only.

                                               S/ Christopher C. Conner
                                               CHRISTOPHER C. CONNER
                                               United States District Judge